## *Ex parte* C. Board.

One who
comes to re-
deem from a
judgment cre-
ditor under the
act (sess. 43,
ch. 184, s. 3,) M. Denton recovered against A. Stickney $360, in the Orange Common Pleas ; and the judgment was docketed April 23d, 1822, and on the 1st December, 1823, assign-

may pay the money either to the sheriff or the creditor.

The sheriff may receive current bank bills even against the express directions of the creditor.

So he may allow an assignee to redeem, *de bene esse,* without demanding present evidence of the assignment.

ed to D. Denton, H. Seely & D. Roe. P. Board then recovered against the same Stickney $316 68 in the same Court; and the judgment was docketed September, 1823; and in February following assigned to C. Board. J. Steward then recovered against Stickney $50 74 cents, before a Justice of Orange county; and the transcript was filed in the clerk's office of Orange the 17th of October, 1823; and on the 15th January, 1824, he assigned to D. Roe.

On the 7th January, 1824, certain lands of Stickney were sold by the sheriff of Orange, on 3 writs of *fi. fa.* issued on judgments docketed before either of the above, and bid off by D. Roe at $350, who received a certificate of sale, upon which he was entitled to a deed, unless the lands should be redeemed on the 7th April, 1825. At 11 o'clock P. M. of this day, J. B. Booth presented himself to the sheriff to redeem in behalf of C. Board, assignee of P. Board's judgment; and produced the requisite evidence of his (C. Board's) right to redeem, and tendered the requisite amount in specie, which the sheriff received. D. Roe then immediately came to the sheriff and demanded of Mr. Booth an account of the sum due upon C. Board's judgment. Mr. Booth answered $180, whereupon Roe handed the Sheriff $200, stating to Mr. Booth that he redeemed upon the judgment in favor of M. Denton, and that in favor of Steward, for the benefit of himself, H. Seely and D. Denton, the assignees.

Mr. Booth insisted that the sheriff should require from Roe the exhibition of an assignment of the judgments upon which he redeemed, objected to his receiving bank notes, and insisted that he should take nothing but specie. The sheriff refused to comply; but informed Mr. Booth that if he wished to redeem over against Roe, he would accept current money; and Roe told Booth that if he wished to redeem further, he would immediately give him the amount due upon his (Roe's) judgments. But Booth did not require the amount, nor express a wish to redeem further; and declined receiving from the sheriff the money which he had paid with the money paid by Roe; and C. Board, also, afterwards, declined receiving this money, though offered to him by the sheriff. On these facts,

NEW-YORK,    *H. G. Wisner* moved for a mandamus, commanding
May, 1825.   the sheriff of Orange to convey to C. Board.

Ex parte    : He insisted, 1. That according to the true construction
Board.   of the statute, the money should have been paid to the
judgment creditor, not the sheriff.

2. That if otherwise, the sheriff was the mere agent of
the creditor, and had no right to receive bank bills con-
trary to the instructions of his principal.

3. The evidence of the assignment was wanting.

*O. Hoffman,* contra.

*Curia.* It is clear from the statute, (nor has it ever been
doubted in the great number of cases which have been be-
fore us involving the question,) that the sheriff may receive
the money. The statute leaves it optional with the one
who comes to redeem, to pay the money to either the she-
riff or the judgment creditor.

The sheriff is not merely a naked agent, subject to the
absolute control of the creditor as to his conduct. He had
a discretion, as he would have on a sale upon execution,
though in both cases he is *quasi* agent; and he was right
in receiving the current bank bills of the country.(*a*)

He was also right in trusting, (though this was also in
his discretion,) as to the fact, that the one who came to
redeem was a regular assignee, and as such, entitled to
redeem. He may receive the money, *de bene esse,* and
satisfy himself afterwards of the truth. It now appears
that there is a subsisting judgment which has been regu-
larly assigned. This is enough. The motion must be
denied.

                                    Motion denied.

(*a*) Vid. *M'Donald* v. *Neilson,* (2 Cowen's Rep. 139.)